Purya Ghrabeti
In Pro Per
7 VIA Gardenia
Rancho Santa Margarita Ca, 92688
~~Tel~~ Fax: 1-949-298-~~4449~~
714 478-6657 4452

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN - 3 2010

JAMES N. HATTEN, CLERK
By: J. Branson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS S. RICHEY, as Receiver for WESTON RUTLEDGE FINANCIAL SERVICES, INC.; ZAMINDARI CAPITAL, LLC; LEXINGTON INTERNATIONAL FUND, LLC, a/k/a LEXINGTON INTERNATIONAL FUND, INC.; and OXFORD ADAMS CAPITAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>ZAHRA GHODS; RUSA CAP, INC.; UNISOURCE CAP, LLC ; DOUBLE GRACE HOLDINGS, LTD.; JEFFREY JAMES MAYO PRIEBE; ANTONIO MARIA RUSPOLI; SIMON GULKANIAN; PURYA K. GHRABETI; ESTRELLA DE FUEGO S.A.<br><br>Defendants, | Civil Action No. 1:08-CV-1364<br><br>RESPONSE/OPPOSITION OF DEFENDANT PURYA K. GHRABETI TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br>Date Filed: December 28, 2010 |

<u>**RESPONSE OF DEFENDANT
PURYA K GHRABETI
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

AND NOW COMES, Purya Ghrabeti ("Defendant," "Ghrabeti" or "Purya"), In Pro Per, in response to Plaintiff's Motion for Partial Summary Judgment as to Defendant ("Summary Judgment Motion"), and submits his Answer in support of his admissions and denials stated herein, as follows:

## DEFFENDANT PURYA GHRABETI'S STATEMENTS OF FACTS IN RESPONSE TO ALLEGATIONS BY PLAINTIFF ARE AS FOLLOWS:

### I. THE LAW

Rule 56 ( c) of the Federal Rules of Civil Procedure authorizes summary judgment only when "all pleading, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. See Adickes v. S.H. Kress & Co., 1970 398 U.S. 144; see also Johnson v. Clifton (1996) F.3d 1087, 1090. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. See Johnson v. Clifton (1996) F.3d 1087, 1090.

In deciding a motion for summary judgment, it is not the court's function to decide genuine issues of material fact but to decide only whether there is an issue to be tried. See Anderson v. Liberty Lobby, Inc., (1986) 477 U.S. 242, 251. The applicable substantive law will identify those facts that are material. Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. In order for factual issues to be "genuine: they must have a real basis in the record. When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial. See Matshushita Electric Industrial Co. v. Zenith Radio Corp., (1986) 474 U.S. 574, 586.

Summary judgment proceedings should not be used to find facts, to resolve disputed factual facts, or to choose among various factual inferences that may be drawn from undisputed facts. They cannot replace trials of disputed, material factual issues. The court should refrain from granting a summary judgment if any uncertainty or doubt exists with regard to the facts

or conclusions to be drawn from the facts. In determining whether a disputed fact is material, the Tennessee Supreme Court has held that:

"A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. Therefore, when confronted with a disputed fact, the court must examine the elements of the claim or defense at issue in the motion to determine whether the resolution of that fact will effect the disposition of any of those claims or defenses." Byrd v. Hall, 847 S. W.2d at 215; see also Suddath v. Parks 914 S.W. 2d 910, 913 (Tent. Ct. App. 1995).

## II. APPLICATION OF THE LAW

Defendant has neither had any ownership interest nor claim nor acted in any official or authorized capacity whether as a principal or agent in any of the businesses or companies of Defendant's mother, Zahra Ghods ("Ghods"), including without limitation Double Grace Holdings, Ltd., Rusa Cap, Inc. ("Rusa Cap") or Unisource Cap ("Unisource Cap").

Defendant has not been involved with any of the alleged wrongdoings, which Plaintiff claims have been done by Ghods, other defendants or Defendant.

Defendant had no knowledge that any of the funds, which were transferred to the accounts, which are in any manner subject of the instant Complaint, to which Defendant was signatory, may have been obtained illegally, if at all, as claimed by Plaintiff.

Defendant believed at the time of receipt of the funds that all such funds had been received by Ghods legally, either for due consideration or as loan, and thus Defendant acted in good faith to assist Ghods to disburse such funds as instructed by Ghods.

Defendant merely performed certain bookkeeping functions, as instructed by Ghods, without compensation or expectation of any personal gains, in order to assist Ghods to pay her bills or to make other payments from the Joint Account (as defined below) or those of Rusa Cap and Unisource Cap accounts at Wells Fargo Bank (jointly "Ghods Accounts"), and

Defendant has no knowledge and was not aware of the reasons for any business payments required by Ghods at the time of making such payments.

Defendant believes that some time around 2002, Ghods requested that Defendant open a separate bank account ("Joint Account") in Defendant's name only, except that Ghods had signature rights therein, and which Joint Account Ghods used to write checks, and on which account Defendant received certain funds, which are subject of the instant Complaint, as further discussed herein.

Defendant believes that, to the best of Defendant's knowledge, approximately $135,000 was received from either the so called Receivership Companies, or from other sources not involved in the instant Complaint, in the Ghods Accounts to which Defendant was signatory, and that Defendant paid out all of the approximately $135,000 to parties specified and instructed by Ghods, and that Defendant kept nothing for himself, and that in fact Defendant spent substantially more of Defendant's own funds or credit cards to make other payments as instructed by Ghods, for which Defendant has not been reimbursed.

Defendant believes that a substantial amount of the funds received in the Ghods Accounts to which Defendant was signatory, were received from sources other than the Receivership Companies' accounts.

Defendant has not had the intension of, and he has not taken any monies for himself from Ghods Accounts, except possibly minor sums, which Defendant believes are less than possibly approximately $1,000, as reimbursement of sums spent by Defendant to do the things Ghods required, including reimbursement for mailing stamps, printing copies, wiring fees and the like.

Defendant lacks sufficient knowledge at this time to be able to confirm how much of the said $135,000 funds received in the Joint Account or others of Ghods Accounts, was from the so called Receivership Companies, and how much was from other sources or parties not

involved directly with the so called Receivership Companies. Thus, Defendant is not able at this time, without review and analysis of all of the account statements, to confirm or deny the amount of funds received from the so called Receivership Companies, but Defendant believes that the funds received from the so called receivership companies were substantially less than $135,000.

Defendant believes that some of the payments made by Defendant from Defendant's own separate funds, as instructed by Ghods, were for the benefit of the so called Receivership Companies, which Defendant believes, Defendant should be reimbursed, according to proof in a trier of facts.

Defendant was not privy to any of the transactions Ghods conducted in her business(es), which are subjects of the instant Complaint, and in particular with the so-called Receivership Companies, and simply wrote checks or wired funds as requested by Ghods.

Defendant has never spoken to any of the defendants named in the Complaint (other than Ghods), nor has Defendant communicated with any of the officers of the Receivership Companies, regarding any business matters.

Defendant has never had any business dealings with any of the so called Receivership Companies or their principal officers.

Defendant did not use any moneys that Plaintiff claims belonged to the so-called Receivership Companies.

Defendant believes that Plaintiff's claims that the mere fact that Defendant acted in good faith to assist his mother by writing checks and transferring the so-called Receivership Funds, from the Ghods Accounts, to third parties, created liability for Defendant. If it is true that the Receivership Funds were used illegally and fraudulently, then the Receiver should try to collect such Funds from the real beneficiaries to whom the funds were eventually transferred and not the Defendant, who in good faith believed the funds were received legally and from

clean sources and did not use or keep any of such Funds for himself, and merely transferred them as instructed by Ghods.

## DEFFENDANT PURYA GHRABETI'S RESPONSES TO PLAINTIFF'S STATEMENTS AND ALLEGATIONS

1. Defendant lacks sufficient knowledge to either admit or deny the statements in Paragraph 1 of Plaintiff's Statement, except that Defendant denies having received the "most funds from the Receivership Companies", and except that Defendant is aware that certain funds were received in the Ghods Accounts, to which Defendant was signatory (as an accommodation to Ghods), from certain accounts controlled by Defendant's mother, Zahra Ghods ("Ghods"), with Ghods' instructions, as accommodation to Ghods, to pay Ghods' bills and make payments to others, and whereby Defendant not only paid out all of said received funds to third parties, as instructed by Ghods, but in addition paid out substantial amounts of Defendant's own funds to parties instructed by Ghods, including possibly to the so called Receivership Companies, for which Defendant has never been paid.

2. Defendant has no actual or constructive knowledge or information to either admit or deny the statement in Paragraph 2 of Plaintiff's Statement.

3. Defendant has no actual or constructive knowledge or information to either admit or deny the statement in Paragraph 3 of Plaintiff's Statement, except that Defendant is not aware, without further analysis, of the total of amount of funds claimed by Plaintiff to have received in the Ghods Accounts, to which Defendant was signatory, and except that Defendant denies the allegations that Defendant has not "lent any funds to Zahra Ghods," and that Defendant "did not provide consideration of any value... in exchange for these funds".

4. Defendant has no actual or constructive knowledge or information to either admit or deny the statement in Paragraph 4 of Plaintiff's Statement.

5. Defendant denies the allegation is Paragraph 5 of Plaintiff's Statement, and in particular while Defendant denies having been served with Requests for Admissions, Defendant, as in his answer to the original Complaint, does hereby deny that there is any evidence in this case showing that "there is no genuine issue of material fact left to be decided", in as much as Plaintiff knows full well that Defendant had no actual ownership or standing in the Receivership Companies, and that he has merely acted solely as accommodation to and per instructions by Ghods, to disburse to third parties certain funds received in the Ghods Accounts, and that Defendant has not only not kept any of the received monies, but that Defendant has spent his own substantial additional funds to pay third parties as instructed by Ghods to third parties, including without limitation possibly to so called Receivership Companies.

## CLAIMS

## COUNT I - FRAUDULENT TRANSFER

## COUNT VIII - UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST

## DEFENDANT'S RESPONSES TO COUNT I, COUNT VIII, COUNT IX AND COUNT XI

6  Defendant incorporates by reference the responses set forth in Paragraphs 1 through 5 of this Answer as though fully set forth herein.

DEFENDANT objects to Plaintiff's request for Summary Judgment on Count I (Fraudulent Transfer), as Defendant denies any wrongdoing in handling the accounts of Defendant's mother, Ghods, or those of the so called Receivership Companies. All of the actions Defendant has taken in performing bookkeeping functions as to the referenced Accounts have been in good faith, and were done per Ghods' request as a son would do for his mother, and in the belief that the transactions in the subject

Accounts were completely legal and above board.

Defendant objects to Plaintiff's request for Summary Judgment on Count VIII (Unjust Enrichment and Constructive trust), as Defendant denies any wrongdoing in handling the accounts of Defendant's mother, Ghods, those of the so called Receivership Companies, or those of other defendants herein. All of the actions Defendant has taken in performing bookkeeping functions as to the referenced Ghods Accounts have been in good faith, and were done per Ghods' requests as a son would do for his mother, and in the belief that the transactions in the subject Ghods Accounts were completely legal and above board. Defendant certainly did not keep any of the monies, which were received in the Ghods Accounts, to which Defendant was signatory, was completely trustworthy in handling said accounts, and did not enrich himself in any manner, and in fact spent Defendant's own personal funds in furtherance of Ghods' instructions, some of which transfer of funds may have been on account of the so called Receivership Companies, to be proven in a trier of facts.

Defendant objects to Plaintiff's request for Summary Judgment on Count IX (Money Had and Received), as Defendant believe that there is no provable fact shown by Plaintiff.

Defendant objects to Plaintiff's request for Summary Judgment on Count XI (Attorneys' Fees), as Defendant believes that Plaintiff shall not be able to prevail with respect to any Counts in this Motion.

### DEFENDANT'S RESPONSES TO COUNT I

7. DEFENDANT objects to Plaintiff's request for Summary Judgment on Count I (Fraudulent Transfer), as Defendant denies having had any intention of defrauding anyone, as Defendant had no knowledge of the source of funds, or that they were from those who may have been allegedly involved in Ponzi schemes. Plaintiff has certainly

not shown that, as Plaintiff claims, any of the alleged transfers were to parties involved in so called Ponzi schemes, or that Defendant knew or should have known that any of the money transfers were either illegal or fraudulent, either as a matter of fact or as a matter of law.

### DEFENDANT'S RESPONSES TO COUNT VIII

8. DEFENDANT objects to Plaintiff's request for Summary Judgment on Count VIII (Unjust Enrichment and Constructive trust), as Defendant denies having received any funds for Defendant's use, and that Defendant was merely doing book-keeping duties for Ghods, and in particular Defendant had no knowledge or suspicion that the funds received in the accounts, to which Defendant was signatory, were from anyone who allegedly conducted Ponzi schemes, and then Defendant has not been in any manner enriched in the process of the fund transfers.

### DEFENDANT'S RESPONSES TO COUNT IX

9. DEFENDANT objects to Plaintiff's request for Summary Judgment on Count IX (Money Had and Received), as Defendant denies that the funds received in the Ghods Accounts, to which Defendant was signatory, were for Defendant's account or use, that Defendant believed that such funds were in reality funds received on account of and for Ghods, and that Defendant did not keep, nor benefit from the use of any such funds. Defendant knew that none of the funds were for Defendant, and that Defendant merely complied with Ghods' instruction to disburse said funds in the manner instructed by Ghods. Defendant did not keep any of the said funds for himself.

### DEFENDANT'S RESPONSES TO COUNT XI

10. Defendant objects to Plaintiff's request for Summary Judgment on Count XI (Attorneys' Fees), as Defendant believes that Plaintiff shall not prevail with respect to any Counts in case against Defendant, as Defendant has not acted, as Defendant has not acted in

bad faith in any manner, and as Defendant has not been stubbornly litigious, in merely defending himself. In reality, Defendant believes that Plaintiff is the party that has been stubbornly litigious, knowing full well that Defendant has not been involved in any matters that are subjects of the instant Complaint, and that Defendant has not had any monetary or other financial gain in any manner whatsoever referred to in this case.

WHEREFORE, Defendant asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant alleges that the Complaint herein and each purported cause of action therein, fail to state facts sufficient to constitute a cause of action against Defendant. Defendant alleges and contends that a) Defendant has not been properly served with Plaintiff's Motion for Partial Summary Judgment, except that Defendant has only received by US mail a copy of the Notice to Respond to Summary Judgment Motion, b) that the venue of the current action against Defendant is in the Federal District Court in Los Angeles, CA, as any and all purported acts alleged to have been committed by Defendant has occurred in County of Los Angeles, CA, and that Defendant neither transacted business in Georgia nor has ever been in Georgia, never communicated with any of the Receivership Companies officers, representatives or agents, nor has ever met or communicated with any of the so-called investors in of the so called Receivership Companies, and c) Defendant never used any so-called Receivership Companies funds for Defendant's personal use.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant alleges that Plaintiff has failed to mitigate his damages although he had a legal duty to do so.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant alleges that Plaintiff, by his conduct and that of his agents, has waived any claims he has against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate and affirmative defense to the Complaint herein and to each purported cause of action therein, Defendant alleges that Plaintiff, by his conduct and that of his agents, are estopped from pursuing any claims against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant alleges that Plaintiff comes to this Court with unclean hands and therefore are barred from obtaining equitable relief from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendants allege that the doctrine of laches bars any rights or claims of Plaintiff asserted against Defendant by reason of Plaintiff's unreasonable delay and conduct in relation to this matter.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant alleges that further performance of Defendant otherwise due, if any, is excused under the doctrine of commercial frustration.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant alleges that Plaintiff's Complaint and the herein Motion, and each cause of action herein, fail to meet one or more statutory prerequisites to such action and Motion, and are thereby barred.

### NINETH AFFIRMATIVE DEFENSE

9. As a separate and affirmative defense to the Motion herein and to each purported cause of action therein, Defendant has insufficient knowledge or information upon which to form a belief as to whether or not Defendant may have additional affirmative defenses. Defendant, thus reserves the right to assert additional affirmative defenses upon acquiring such information or knowledge.

**WHEREFORE, Defendant prays judgment against Plaintiff as follows:**

1. That Plaintiff takes nothing by way of his Motion herein;

2. For all costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: December 28, 2010

_____

Purya Ghrabeti, Defendant In Pro Per